IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

WILLIE ERVIN MOORE,

    Plaintiff,

vs.                                    No. 06-2253-B/P

SHELBY COUNTY, et al.,

    Defendants.

---

ORDER ASSESSING $350 FILING FEE
ORDER OF DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Willie Ervin Moore, booking number 6102005, who is presently an inmate at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on April 25, 2006. The Clerk shall record the Defendants as Shelby County,[1] AC Wharton, and Mark Luttrell.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the

---

[1] Plaintiff named the Jail as a defendant. As the Jail is not a suable entity, the Court construes the complaint as naming Shelby County as the Defendants. See generally Hafer v. Melo, 502 U.S. 21 (1991).

prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the Plaintiff has properly completed and submitted both an in forma pauperis affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to

Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Director of the Jail to ensure that the custodian of

the Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

Plaintiff Moore sues Shelby County, Shelby County Mayor AC Wharton, and Shelby County Sheriff Mark Luttrell. The complaint alleges that Moore's social security check has been garnished by some unnamed party during his incarceration at the Jail.

Moore was required to have exhausted his administrative remedies on all claims presented before filing. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Forty-two U.S.C. § 1997e(a) requires a federal court to dismiss without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).

The inmate contends that he filled out a grievance form, however, he was told it was not a grievance procedure matter. To the extent that allegation is insufficient to demonstrate that he totally exhausted his administrative remedies for these claims, 28 U.S.C. 1997e(c)(2) provides that a court may dismiss a frivolous claim or claims which fail to state a claim upon which relief may be granted:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who

4

>is immune from such relief, the Court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2).

A local governmental entity, such as a county, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the [county] itself is the wrongdoer." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 121 (1992). See also Jett v. Dallas Independent School District, 491 U.S. 701, 726-29 (1989)(discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)(rejecting simple vicarious liability for municipalities under § 1983); City of St. Louis v. Praprotnik, 458 U.S. 112, 122 (1988)(interpreting rejection of respondeat superior liability by Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)(same); Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)(rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a Plaintiff must show that her injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing Pembaur).

5

In this case, it is clear from the complaint that Moore relies entirely on the fact that he was confined at the Jail as the basis for his claim that Shelby County violated his civil rights. None of the facts alleged supports an inference that Plaintiff's alleged damages resulted from an unconstitutional custom or policy of the county.

Furthermore, the complaint contains no factual allegations of any action by Sheriff Luttrell or Mayor Wharton. When a Plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Furthermore, there is no respondeat superior liability under § 1983. Monell, 436 U.S. at 691; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984)(liability under § 1983 in a defendant's personal capacity must be predicated upon some showing of direct, active participation in the alleged misconduct). It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that Moore relies entirely on the supervisory capacity of the Sheriff and Mayor as the sole basis for any claim that they violated Plaintiff's rights.

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted and is, therefore, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The motion for appointment of counsel is DENIED as moot due to the dismissal of the complaint.

III. Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[2] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth

---

[2] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Circuit set out specific procedures for implementing the PLRA. Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

       IT IS SO ORDERED this 1st day of September, 2006.


                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE